IN THE CIRCUIT COURT OF CROSS COUNTY, ARKANSAS
CIVIL DIVISION

BRENDA KENNEDY, INDIVIDUALLY,
AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED

VS.                                                    CASE NO. CV-2011-___84-5___

UNITED AMERICAN INSURANCE
COMPANY
************************************************************************

## CLASS ACTION COMPLAINT

Plaintiff, Brenda Kennedy, brings this action against Defendant United American Insurance Company (hereinafter "United American") on behalf of herself and on behalf of the proposed Class of similarly situated persons and alleges as follows:

### NATURE OF THE CASE

1.  This action arises out of Defendant United American's breach of hospital, surgical and expense insurance policies (the "policies") issued to Plaintiff and similarly-situated insureds. The policies were issued by Defendant United American and were designed to provide policyholders with direct cash benefits in exchange for regularly paid premiums.

2.  The policies provided a variety of benefits including hospital expense benefits that provided a cash benefit for each day an insured was confined to a hospital.

3.  Under Plaintiff's policy, United American was required to "pay benefits at a rate of 80% of the expenses incurred in excess of the Deductible Amount that are incurred for Hospital room charges, services and supplies furnished by a Hospital to You or a Family Member during a Hospital Stay. . . ." (Exhibit "A", page 3)

FILED - RHONDA SULLIVAN
CLERK AND EX-OFFICIO RECORDER

10:44  MAY 31 2011

CROSS COUNTY, ARKANSAS
BY _____ D.C.

4. Plaintiff's policy defines a Hospital Stay as "one day or more of confinement within a Hospital, as a resident patient and under the care of a Physician, due to an Injury or Sickness." (Exhibit "A", page 2)

5. The benefits are determined by multiplying the number of "Hospital Days" by the scheduled benefit amounts. (Exhibit "A", page 3)

6. "Hospital Days" is defined by the policy as "the total number of days of confinement for all Hospital Stays for the same Injury or Sickness." (Exhibit "A", page 2)

7. Notwithstanding its obligations under the policy, and its obligations under similar language in the policies at issue, Defendant has failed and/or refused to pay benefits for the total number of days an insured is confined to a hospital.

8. Upon information and belief, Defendant limits its payment of hospital expense benefits under the policies to the number of days a patient incurs a hospital room charge, despite the fact that the policies obligate Defendant to pay benefits for "services and supplies" in addition to the room charges.

9. Plaintiff brings this class action individually and on behalf of all others similarly situated against United American Insurance Company for damages and declaratory relief, together with interest, attorney's fees, penalties and costs of these proceedings, as alleged herein.

## THE PARTIES

10. Plaintiff, Brenda Kennedy, has been a resident of Cross County, State of Arkansas, at all times pertinent herein. At all times relevant hereto, Plaintiff was an owner of a hospital and surgical expense policy issued by United American Insurance Company. Plaintiff purchased the policy through Defendant's agent while residing in Cross County, Arkansas.

11. Defendant United American Insurance Company is a foreign insurance company licensed to do and doing business in the State of Arkansas, with its principal place of business located at 3700 South Stonebridge Drive, McKinney, Texas 75070.

## JURISDICTION AND VENUE

12. The Court has jurisdiction over this cause of action pursuant to Ark. Code Ann § 16-13-201.

13. Venue is proper in Cross County, Arkansas, pursuant to Ark. Code Ann. § 16-55-213, as Plaintiff resided in Cross County, Arkansas, at the time the cause of action arose.

14. Defendant has substantial contacts with this jurisdiction arising out of the sale of insurance policies in this jurisdiction, including the hospital and surgical expense benefit policy issued to Plaintiff.

## FACTUAL ALLEGATIONS

15. United American is a company engaged in the business of insurance through the selling and administration of various insurance products in this jurisdiction and throughout the United States.

16. The hospital and surgical expenses benefit policy attached hereto as Exhibit "A" is one of the aforementioned insurance products. This policy is intended to provide an insured with benefits, in exchange for regularly-paid premiums, in the event the insured becomes hospitalized with a covered injury or sickness.

17. Under Part 1 of the policy, an insured becomes entitled to benefits after being confined to a hospital or ambulatory surgical center while the policy is in-force. (Exhibit "A", page 3)

18. The policy pays "benefits at a rate of 80% of the expenses incurred in excess of the Deductible Amount that are incurred for Hospital room charges, services and supplies. . ." (Exhibit "A", page 3)

19. The benefit is calculated by multiplying the "Primary Daily Hospital Expense Benefit" contained in the Benefit Schedule by the number of Hospital Days, not to exceed 10 Hospital Days, plus the "Secondary Daily Hospital Expense Benefit multiplied by the number of Hospital Days in excess of 10 Hospital Days, but not greater than 30. (Exhibit "A", page 3)

20. "Hospital Days" is defined in the policy as "the total number of days of confinement for all Hospital Stays for the same Injury or Sickness." (Exhibit "A", page 2)

21. The policy defines "Hospital Stay" as "one day or more of confinement with a Hospital, as a resident patient and under the care of a Physician, due to an Injury or Sickness." (Exhibit "A", page 2)

22. The policy does not define "confinement".

23. On or about September 4, 2007, Plaintiff purchased a hospital and surgical expense benefit policy from United American Insurance Company through one its agents, bearing policy number 573444720-GSP2.

24. On or about March 31, 2009, Plaintiff was admitted to the hospital for a covered sickness. She remained in the hospital until April 2, 2009.

25. Plaintiff timely submitted a proof of loss, medical records, medical bills and other documents associated with her hospital stay to United American to receive the benefits due to her under policy.

26. Pursuant to the Hospital Expense Benefit section of the policy, United American paid benefits for two (2) days of hospital confinement.

27.     Pursuant to a standard and regular company practice, United American failed to pay the third hospital day in accordance with its obligations under the policy.

28.     Plaintiff avers that United American's miscalculation of the hospital expense benefit was pursuant to a well-established company adjusting practice, with the intent to increase company profitability by denying Plaintiff and the class entitled benefits.

## CLASS ACTION ALLEGATIONS

29.     Plaintiff repeats and re-alleges the allegations contained hereinabove as if fully set forth herein.

30.     This case is brought as a class action under Rule 23 of the Arkansas Rules of Civil Procedure. Plaintiff seeks certification of (1) a nationwide Declaratory Relief Class pursuant to Rule 23(b)(2), (2) a nationwide Restitution/Monetary Relief Sub-Class pursuant to Rule 23(b)(3), and (3) an Arkansas statewide Bad Faith/Consumer Protection Act Sub-Class pursuant to Rule 23(b)(3). The Class and sub-classes are defined as follows:

(a)     **Declaratory Relief Class (Count I)**: All individuals domiciled in the United States who are, or within three (3) years from the filing of this action, have been, an insured, covered person or beneficiary under one or more policies issued by United American Life Insurance Company which provide hospital, surgical and/or expense benefits ,

(b)     **Restitution/Monetary Relief Sub-Class (Counts I, II, III, IV and VI)**: All individuals domiciled in the United States who are, or within three (3) years from the filing date of filing this action, have been an insured, covered person or beneficiary under one or more policies issued by United American Life Insurance Company which provide for hospital, surgical and/or expense benefits, and who submitted a claim and were paid benefits for a hospital stay under the hospital expense benefit provision; and

(c) **Arkansas State Law Sub-Class (All Counts)** All Arkansas residents who are, or within five (5) years from the filing date of this action, have been an insured, covered person or beneficiary under one or more policies issued by United American Life Insurance Company which provide for hospital, surgical and/or expense benefits, and who submitted a claim and were paid benefits for a hospital stay under the hospital expense benefit provision.

>Excluded from the Class and sub-classes are all members of the judiciary in the State of Arkansas and their immediate family members.

31. While the exact number and identities of class and subclass members are unknown at this time, Plaintiff alleges that the class and subclasses are composed of several hundred, if not thousands, of purchasers of the heretofore described insurance policies. The joinder of all individuals in one lawsuit is impracticable, and the disposition of claims in this transaction will provide a substantial benefit both to the parties and to the court.

32. Numerous common questions of law and fact exist as to all members of the class and predominate over any questions affecting only individual members of the class. Said common question include, but are not limited to, the following:

(a) Whether Defendant has systematically refused and/or failed to pay the proper amount of hospital expense benefits;

(b) Whether the policies unambiguously provide benefits for each day an insured is confined in a qualifying hospital;

(c) Whether the policies limit the payment of benefits for hospital expense benefits to room and board charges;

(d) Whether Defendant systematically refused and/or failed consider the last day of a hospital stay as compensable;

(e)     Whether class members who were denied payment of hospital expense benefits are entitled to restitution and/or damages for amounts wrongfully denied to them; and,

(f)     Whether class members are entitled to a declaratory judgment, holding as a matter of law and contract, that class members are entitled to the payment of benefits for each day an insured is confined to a hospital.

33.     Plaintiff's claims are typical of class and subclass members' claims, in that all such claims arise out of Defendant's uniform and across-the-board breach of the terms of the hospital expense benefit provisions of the policies with Plaintiff and members of the class and subclasses.

34.     Plaintiff is representative of the class and subclass members and is so situated as to provide adequate representation for the unnamed plaintiff class members.

35.     The great majority of the unnamed class members have no substantial interest in individually controlling the prosecution of their separate actions.

36.     Any defenses or theories of resistance to liability set forth by Defendant would be applicable to all claims presented by members of the class and subclasses.

37     The prosecution as separate actions by individual plaintiff class members will create a serious risk of inconsistent or varying adjudication which may prejudicially affect the claims of the other class members and subsequent litigation.

38.     The prosecution of separate actions by individual class members, possesses the risk that separate adjudication respecting the individual plaintiffs would not be entirely be dispositive of the interest of class members not parties to the litigation, but would otherwise substantially impair or impede the ability of the class members to protect their interests.

39. The class action is a superior procedural vehicle for this litigation because the primary objective of the class action, economies of time, effort and expense, will be achieved and the class action may be more easily managed than some other procedural vehicle considering the opportunity to afford reasonable notice of significant phases of the litigation, including, *inter alia,* discovery to the class members and Defendant.

40. Plaintiff's individual damages are not substantially different from the damages of other members of the respective classes. Plaintiff will fully and adequately protect the interests of the other members of the class, who are too numerous to be named individually and to individually appear in this proceeding.

41. Because of the size of some of the individual class member's claims, few, if any, class members could afford to seek legal action for the wrongs complained of herein.

## CAUSES OF ACTION

### COUNT I
### (Declaratory Judgment)

42. Plaintiff repeats and re-alleges the allegations contained hereinabove as if fully set forth herein.

43. As set forth above, Plaintiff and members of the Declaratory Judgment Class have entered into contracts with Defendant pursuant to which Defendant affirmatively represented that they would properly and fully pay benefits. Through the conduct described herein, Defendant has routinely and unjustifiably denied, impeded and/or delayed lawful and proper payment of benefits to Plaintiff and class members.

44. Plaintiff, on behalf of the Declaratory Judgment Class, respectfully shows that she and the class are entitled to a declaratory judgment that Defendant breached its policies

with insureds by uniformly failing and/or refusing to pay benefits for all days of a hospital stay.

45. By reason of the foregoing, Plaintiff and class members are entitled to declaratory relief as set forth above.

## COUNT II
### (Breach of Contract)

46. Plaintiff repeats and re-alleges the allegations contained hereinabove as if fully set forth herein.

47. Plaintiff was covered under a hospital and surgical expense policy and such policy constitutes a contract for insurance coverage.

48. Plaintiff and the Restitution/Monetary Relief Sub-Class and Arkansas State Law Sub-Class members made valid and timely claims for benefits under the terms of the policies and Defendant refused to pay all owed benefits.

49. Plaintiff has paid all premiums and has met all other conditions precedent to have a valid contract for insurance coverage and has satisfied the terms of the contract entitling her to benefits under the contract.

50. The policies between United American and Plaintiff and the sub-class members obligates United American to provide benefits for each day of a hospital stay as defined by the policies.

51. The terms and conditions of the policies are unambiguous and clearly entitle Plaintiff and the members of the sub-classes to benefits for the full period of their hospital stays.

52. Alternatively, the hospital expense benefit provisions of the policies are ambiguous and do not clearly define the benefits owed under the provision and accordingly, the provisions must be interpreted in favor of the insured and in favor of insurance coverage.

53. Defendant has breached its contractual duties under the insurance policies by failing and/or refusing to pay benefits owed to Plaintiff and members of the sub-classes and by failing to perform its duties as set forth in the insurance contract.

54. As a direct and proximate result of said breaches, Plaintiff and members of the Restitution/Monetary Relief Sub-Class and the Arkansas State Law Sub-Class have suffered substantial damages entitling them to an award of damages as permitted by applicable law.

## COUNT III
### (Unjust Enrichment)

55. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

56. As a result of Defendant's aforementioned conduct, Plaintiff and the Restitution/Monetary Relief Sub-Class and Arkansas State Law Sub-Class members have conferred a monetary benefit on Defendant, who has knowledge of this benefit.

57. Defendant collected or otherwise received insurance premium payments from Plaintiff and class members and kept said payments while denying full payments due and owing to Plaintiff and the class members for hospital expense benefits. Given the circumstances described herein, it would be inequitable for Defendant to retain the full payments to which Plaintiff and the members of the sub-classes are entitled under their insurance policies.

58. As a direct and proximate result of the foregoing, Plaintiff and the members of the sub-classes have been damaged, and Defendant must provide payment to Plaintiff and the members of the sub-classes to the extent that they has been unjustly enriched.

## COUNT IV
### (Bad Faith Refusal to Pay First Party Benefits)

59. Plaintiff repeats and re-alleges the allegations contained hereinabove as if fully set forth herein.

60. At all times relevant to the matters described herein, an enforceable insurance contract existed between Defendant and Plaintiff and the members of the Restitution/Monetary Relief Sub-Class and Arkansas State Law Sub-Class.

61. Defendant engaged in the above described actions and inactions with the intent to increase company profitability by denying Plaintiff and the members of the sub-classes members entitled benefits.

62. Defendant's refusal to pay benefits was the result of its bad faith and unreasonable actions constituting a breach of the implied covenant of good faith and fair dealing.

63. Defendant's bad faith in refusing to fully pay benefits resulted in Plaintiff and the members of the sub-classes suffering financial harm.

64. By reason of the foregoing, Plaintiff and the members of the sub-classes have been injured and are entitled to an award of compensatory damages and punitive damages.

## COUNT V
### (Breach of Implied Duty of Good Faith and Fair Dealing)

65. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

66. Defendant owed Plaintiff and the members of the Restitution/Monetary Relief Sub-Class and Arkansas State Law Sub-Class an implied duty of good faith and fair dealing in connection with the policies of insurance issued to Plaintiff and the members of the sub-classes, and the special relationship arose therefrom.

67. Defendant's duty in this regard included a good faith obligation to honor the hospital expense benefit provisions in the policies as written, and to properly pay benefits owed to the insureds as established by contract.

68. Defendant breached its duty of good faith and fair dealing by denying benefits as described further hereinabove.

69. As a result of said breaches, Plaintiff and the members of the sub-classes suffered harm entitling them to an award of compensatory and punitive damages.

## COUNT VI
### (Bad Faith)

70. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

71. Plaintiff and members of the class are covered under the policies issued by Defendant.

72. At all times relevant hereto, Defendant was under a duty to use good faith in dealing in the handling of Plaintiff's and the Arkansas State Law Sub-Class members' claims.

73. Defendant failed and refused to act in good faith, and instead deliberately breached the contracts of insurance in bad faith, and in the absence of any legitimate or arguable reason not to perform as required, by intentionally, willfully, deliberately, and/or recklessly refusing to pay benefits which Defendant knew were owed Plaintiff and members of

the sub-class under the policies under which Plaintiff and members of the sub-class were covered.

74. Plaintiff's and the sub-class members' claims are due and payable. Defendant has expressed no intent to honor the legitimate claims.

75. Defendant acted in bad faith in denying benefits to Plaintiff and members of the sub-class.

76. As a direct and proximate result of Defendant's intentional, willful, deliberate, and/or reckless bad faith conduct and refusal to pay benefits that Defendant knew were owed Plaintiff and to the members of the sub-class, Plaintiff and members of the sub-class were injured and damaged as alleged above.

77. Because Defendant acted in bad faith in denying Plaintiff's and the sub-class members' claims for benefits, Defendant is liable under this count for statutory damages and penalties.

## COUNT VII
### (Violation of the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101 *et seq.*)

78. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

79. Ark. Code Ann. § 4-88-113(f) provides a private right of action to any person who suffers actual damage or injury as a result of an offense or violation as defined in the Arkansas Deceptive Trade Practices Act.

80. By ignoring the plain and unambiguous terms of the policies, and by providing Plaintiff and the members of the Arkansas State Law Sub-Class inadequate or misleading

information about their claims, Defendant engaged in deceptive and unconscionable trade practices.

81. As a direct and proximate result of Defendant's conduct, Plaintiff and the members of the Arkansas State Law Sub-Class have suffered monetary loss and damages.

82. Through its handling of Plaintiff's claim and the claims of the members of the Arkansas State Law Sub-Class, Defendant has willfully and knowingly violated the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. 4-88-101 *et seq.*, entitling Plaintiff and the members of the Arkansas State Law Sub-Class to actual damages and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays individually, and on behalf of all other similarly situated, that the Defendant, United American Insurance Company, be served with a copy of this Complaint and cited to appear and answer same, and after all legal delays and due proceedings had, that there by judgment entered herein as follows:

1. That the Court certify the Declaratory Relief Class as a class action pursuant to Rule 23(b)(2) as defined above, and, at such time as the Court deems proper, then certify the Restitution/Monetary Relief Sub-Class as a class action pursuant to Rule 23(b)(3) as defined above and further certify the Arkansas State Law Sub-Class as a class action;

2. That a declaratory judgment be entered for Plaintiff and the Declaratory Relief Class, the Restitution/Monetary Relief Sub-Class and the Arkansas State Law Sub-Class as set forth herein;

3. That the Court award Plaintiff and members of the Restitution/Monetary Relief Sub-Class restitution and/or monetary damages under Counts I, II, II, IV, V and VI;

4. That the Court award Plaintiff and members of the Arkansas State Law Sub-Class all forms of relief and statutory damages available pursuant to the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. 4-88-101 *et seq.*;

5. That Plaintiff and the Arkansas State Law Sub-Class be awarded punitive damages;

6.     That Plaintiff and the Class and Sub-Classes be awarded the costs incurred in bringing this action together with reasonable attorney's fees and expenses, including expert fees and prejudgment interest; and,

7.     That the Court award such other relief as the Court deems just and proper and that Plaintiff and the members of the Class recover any and all other relief to which they may be entitled.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts for which a jury trial is permitted.

Respectfully Submitted,

By: _____
Tom Thompson (ABA #77133)
Casey Castleberry (ABA #2003109)
MURPHY, THOMPSON, ARNOLD,
  SKINNER & CASTLEBERRY
Post Office Box 2595
Batesville, Arkansas 72503-2595
Telephone: (870) 793-3821
Facsimile: (870) 793-3815

Scott E. Brady (LSBA #24976)
Philip Bohrer (LSBA #14089)
BOHRER LAW FIRM, L.L.C.
8712 Jefferson Highway
Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

Stan P. Baudin (LSBA#22937)
PENDLEY, BAUDIN & COFFIN, LLP
24110 Eden Street
Plaquemine, LA 70764
Telephone: (225) 687-6396
Facsimile: (225) 687-6398

**CERTIFICATE OF AUTHENTICATING RECORD**

STATE OF ARKANSAS  } ss.
COUNTY OF CROSS

I, RHONDA SULLIVAN, Clerk of the Circuit Court and Ex-Officio Recorder within and for the State and County aforesaid certify that the annexed and foregoing ___*15*___ pages of written matter contains a true and perfect copy of ___*Class Action Complaint*___ _____ filed _*5/31-11*_ and as the same appears in this office, in Record _____ at pages _____.
   WITNESS my hand and the seal of said office, this the __*20*__ day of _*July*_____, 20_*11*_.
   RHONDA SULLIVAN, Clerk of the Circuit Court and Ex-Officio Recorder.
   By: _*Martha Hagan DC.*_____ D.C.

ELKINS-SWYERS CO., SPRINGFIELD, MO. — A-9826

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

BRENDA KENNEDY, INDIVIDUALLY,
AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED                                             PLAINTIFFS

VS.                     CASE NO. 2:11cv131 SWW

UNITED AMERICAN INSURANCE
COMPANY                                                               DEFENDANT

STATE OF TEXAS       )
                     )ss.
COUNTY OF COLLIN     )

### AFFIDAVIT OF LARRY HUTCHISON

I, Larry Hutchison, after being first duly sworn, hereby state on oath:

1. I am an adult and am competent to provide this affidavit in support of United American Insurance Company's Notice of Removal. I am the Secretary of United American Insurance Company ("UA"). I have personal knowledge of the facts stated in this affidavit.

2. UA is an insurance company organized under the laws of Nebraska with its principal place of business in McKinney, Texas.

FURTHER AFFIANT SAYETH NOT.

_____
LARRY HUTCHISON

SUBSCRIBED AND SWORN to before me, a Notary Public, on this 28 day of July, 2011.

KIMBERLY KAY ADAMS
My Commission Expires
February 10, 2014

_____
Notary Public

My Commission Expires.

EXHIBIT B

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

BRENDA KENNEDY, INDIVIDUALLY,
AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED                               PLAINTIFFS

VS.                          CASE NO. 2:11 cv 131 SWW

UNITED AMERICAN INSURANCE
COMPANY                                                 DEFENDANT


STATE OF TEXAS          )
                        )ss.
COUNTY OF COLLIN        )

### AFFIDAVIT OF PETER HENDEE

I, Peter Hendee, after being first duly sworn, hereby state on oath:

1. I am an adult and am competent to provide this affidavit in support of United American Insurance Company's Notice of Removal. I am the Vice President and Health Actuary of United American Insurance Company ("UA"). I have knowledge of the facts stated in this affidavit.

2. Under the GSP2 policy, depending upon the benefit level selected by the insured, a daily hospital expense benefit of up to $1,000 to $4,000 can be payable for incurred hospital expenses. Excluding claims involving hospital stays of 40 or more days, since no further benefits would be due and owing under the policy after such time, during the three (3) year period prior to May 31, 2011 – the date this lawsuit was filed – UA paid approximately 6,296 claims for expenses incurred during a Hospital Stay under the hospital expense benefit provision of approximately 4,371 GSP2 policies. The average amount of benefit paid per Hospital Day



1

was $1,712. Therefore, the addition of one (1) Hospital Day per claim would result in additional hospital expense benefit payments of approximately $10.77 million.

FURTHER AFFIANT SAYETH NOT.

*[signature]*
PETER HENDEE

SUBSCRIBED AND SWORN to before me, a Notary Public, on this 28th day of July, 2011.

*[signature]*
Notary Public

My Commission Expires. 10/20/2014

KAZUMI SMITH
MY COMMISSION EXPIRES
OCTOBER 20, 2014

2