FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 3 0 2012

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

**BRENDA KENNEDY, INDIVIDUALLY,**                       **PLAINTIFFS**
**AND ON BEHALF OF ALL**
**OTHERS SIMILARLY SITUATED**

VS.                **CASE NO. 2:11-CV-00131 SWW**

**UNITED AMERICAN INSURANCE**
**COMPANY**                                                      **DEFENDANT**

### STIPULATION AND ORDER OF CONFIDENTIALITY
### AND PERMITTING FILING OF DOCUMENTS UNDER SEAL

It is hereby STIPULATED AND AGREED by and among the parties hereto that the following procedures shall govern the production and exchange of all documents, testimony, and other information produced, given or exchanged by and among the parties in the course of this action and that such procedures shall apply from the date of execution of this Agreement until approved or modified by the Court and thereafter as so ordered.

It is hereby AGREED AND ORDERED that:

(1) All Confidential Information produced or exchanged in the course of this Litigation shall be used solely for the purpose of this Litigation.

(2) "Confidential Information" as used herein means any type or classification of information which is designated as confidential by the supplying party, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in any other form of disclosure, discovery or otherwise. In designating information as confidential, the supplying party will make such designation only as to that information that it in good faith believes contains (a) personal health or financial information, (b) trade secret or (c)

other confidential commercial information. Information or material which is available to the public shall not be designated as confidential.

(3) "Qualified Persons" as used herein means:

(a) Attorneys of records and their party clients to this litigation and attorneys designated as of counsel in this Litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation.

(b) Inside counsel of a party working directly on the litigation, including staff and support personnel who are working directly on the litigation under the direction of counsel and to whom it is necessary that the material be shown for purposes of this litigation.

(c) Persons retained or consulted by a party or its attorneys of record in this litigation solely for the purpose of discovery in this litigation or assisting in the preparation of this litigation for trial, such as independent (i.e. non employee) technical experts, consultants, advisors, witnesses or prospective witnesses, who have signed the written Confidentiality Agreement attached hereto as **Exhibit "A."**

(d) Any other person who is designated as a Qualified Person by Order of this Court after notice to all parties.

(4) Documents produced by a party may be designated as Confidential Information by marking the initial page:

"CONFIDENTIAL"

In lieu of marking the original of a document if the original is not produced, the party may mark the copies that are produced or exchanged.

(5) Information disclosed at the deposition of a party or of one of its present or former officers, directors, employees, agents, or independent experts retained by a party for purposes of this litigation may be designated by that party as Confidential Information by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this order. The party may also designate information disclosed at such deposition as confidential by notifying all parties in writing, within thirty days of receipt of the transcript, of the specific pages

and lines of the transcript which are confidential. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in his possession, custody or control. All depositions shall be treated as confidential for a period of thirty (30) days after receipt of the transcript.

(6)  Confidential Information shall not be made available to persons other than Qualified Persons or the party who produced the Confidential Information, or any person or party who is the proprietor or source of the Confidential Information.

(7)  Nothing shall prevent disclosure beyond the terms of this Agreement and Order to any local, state or federal governmental or law enforcement agency pursuant to and in accordance with subpoenas or other lawful directives.

(8)  No party shall be responsible to another party for any use made of information produced and not designated as "Confidential Information."

(9)  The inadvertent or unintentional disclosure by the supplying party of Confidential Information regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

(10)  A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the supplying party of any information as confidential, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court. The parties may by

stipulation provide for exceptions to this order and any party may seek an order of this Court modifying this protective order. This order shall be without prejudice to any party to bring before the Court at any time the question of whether any particular information is or is not in fact confidential information as that term may be determined by the Court; upon such hearing the party asserting Confidential Information shall have the burden of establishing same. Nothing shall be regarded as Confidential Information if it is information that either:

(a) is in the public domain at the time of disclosure as evidenced by a written document;

(b) becomes part of the public domain, through no fault of the other party, as evidenced by a written document; or

(c) the receiving party can show by written document that the information was in its possession at the time of disclosure.

(11) The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and any other documents filed in Court in this litigation which have been designated, in whole or in part, as Confidential Information by a party to this action.

(12) In the event that a party wishes to use any Confidential Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such Confidential Information shall be maintained under seal by the Court.

(13) Within sixty (60) days after the conclusion of this litigation, any originals or reproductions of any documents produced by a party shall be returned to the producing party. Alternatively, the parties by written agreement on mutually agreeable terms may elect to authorize the destruction of any confidential documents in their possession. Insofar as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion

of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal) and (b) that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of such protective orders.

(14) Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this litigation and, in the course thereof, referring to or relying upon his examination of Confidential Information produced or exchanged herein; provided, however that in rendering such advice and in otherwise representing his clients, the attorney shall not disclose the contents of or the source of any Confidential Information produced by another party herein to a party not represented by him or her which disclosure would be contrary to the terms of this order.

(15) Nothing herein shall affect or inhibit the right of any party to offer for admission into evidence at trial or submit to the Court in connection with any filed pleadings in this case, any purportedly "Confidential" document provided, however, that "Confidential" documents shall be submitted under seal in connection with any filed pleadings prior to trial. Notwithstanding anything herein to the contrary, nothing herein shall prohibit a party from offering any "Confidential" document into evidence, provided however, if either party desires to condition or limit the admission into evidence any "Confidential" document, said party shall file an appropriate motion, no less than thirty (30) days prior to trial, for the Court's consideration, or otherwise make an appropriate and timely objection. It is the intention of the parties that this Stipulation and Order, and the procedure set out herein, not expand, limit or in any way whatsoever alter the substantive rules otherwise applicable to the admission of evidence in the trial of this case.

DATED this 30th day of January, 2012.

_____
UNITED STATES DISTRICT JUDGE

ACCEPTED AND AGREED TO:

_____
TOM THOMPSON
CASEY CASTLEBERRY
PHILIP BOHRER
SCOTT BRADY
STAN P. BAUDIN

*Attorneys for Plaintiff*

_____
WILLIAM A. WADDELL, JR.
EDIE R. ERVIN

*Attorneys for Defendant*

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

**BRENDA KENNEDY, INDIVIDUALLY,**                                   **PLAINTIFFS**
**AND ON BEHALF OF ALL**
**OTHERS SIMILARLY SITUATED**

VS.                                    CASE NO. 2:11-CV-00131 SWW

**UNITED AMERICAN INSURANCE**
**COMPANY**                                                                **DEFENDANT**

**CONFIDENTIALITY AGREEMENT**

I, _____, being duly sworn on oath, state the following:

1. I have read and understand the Stipulation and Order of Confidentiality to which this Exhibit "A" is annexed and I attest to my understanding that access to information designated Confidential may be provided to me and that access is pursuant to the terms and conditions and restrictions of the Stipulation and Order of Confidentiality with respect to the Court's powers of supervision of the litigation.

2. I shall not use or disclose to others, except in accordance with the Stipulation and Order of Confidentiality any Confidential Information. If I fail to abide by the terms of this Stipulation and Order of Confidentiality, I understand that I may be subject to sanction by way of Contempt of Court.

DATED this _____ day of _____, 2012.

_____
Signature
Address:

_____

_____
Individual or Entity Represented